IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 12-cr-0054-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JULIO CESAR TORRES LEE,**
2. **JESUS ADAIN GIRON VEGA,**
3. **AGUSTIN MENDEZ-SOLORIO,**
4. **VICTOR OMAR BALANDRAN-RAMIREZ,**
5.   AGUSTIN AGUIRRE-RAMIREZ,
6. **JESUS GOMEZ-VALDIVIA,**
7. **CESAR A. MONTES-DOMINGUEZ,**
9. **JOE OTHON AVILA,**
10. **ISAIAS CAST ANON-GONZALEZ,**
11. **RAUL AGUIRE-CORONADO**,
12.   EDGAR BENITEZ GARCIA, AND
13. **MOISES GALINDO RODRIGUEZ,**

    Defendants.

---

**ORDER SETTING FORTH BASIS FOR ENDS-OF-JUSTICE CONTINUANCE AND SETTING DATES FOR REMAINDER OF CASE**

---

At a hearing on March 8, 2012, the Court granted the Government's unopposed Motion for an Ends of Justice Continuance finding that the case was complex and that defense counsel could not reasonably be expected to prepare for trial in the Speedy Trial Act's seventy-day period. (ECF No. 107.) At that time, the Court excluded all days between March 8, 2012 and July 6, 2012 from the Speedy Trial clock. (ECF Nos. 107 & 108.) The Court also set a status conference for June 28, 2012. (*Id.*)

At the June 28, 2012 status conference, counsel for Defendants Julio Cesar Torres Lee, Raul Aguire-Coronado, and Victor Omar Balandran-Ramirez each orally moved the Court for additional time to review discovery, prepare pretrial motions, and work with the Government and their clients to negotiate dispositions of this action. The Court granted defense counsels' oral motions on the record, excluded from the Speedy Trial clock all days between July 6, 2012 and October 4, 2012, and stated that it would issue an order setting forth the basis for such ruling. (ECF No. 193.) The purpose of this Order is to explain why the Court granted defense counsels' oral motion for an additional ends-of-justice continuance.

The Speedy Trial Act requires that a federal criminal trial commence within 70 days of the filing of the information or indictment or of the defendant's initial appearance, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). Among other exclusions, the Act excludes from this 70–day period "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

In determining whether to grant an ends-of-justice continuance, the Court must consider the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits

> established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). The Court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

As noted above, the Court previously found that this case was complex for purposes of subsection (ii) based on the number of Defendants involved and the fact that this action is related to at least two other ongoing criminal prosecutions. A number of Defendants in this case are also named in those actions. The Court also previously found that the amount of discovery anticipated warranted an ends-of-justice continuance under subsection iv.

At the June 28, 2012 status conference, in support of their instant request for an additional ends-of-justice continuance, defense counsel represented that they are still working through all of the discovery. Counsel informed the Court that approximately 10,000 calls were intercepted by the Government, over 6,700 pages of documentary discovery were produced, and that most of this is in Spanish. Counsel has not yet completed their initial review of the discovery and, after such review is complete, will

3

need time to discuss the discovery and its implications with their clients.  Counsel also stated that they will likely try to coordinate with each other with respect to the filing of pre-trial motions, specifically a motion challenging the Government's wiretap that forms the basis for most of the charges in this case.  Counsel represented that, based on their prior experience in multi-defendant criminal cases, the process of coordinating and drafting a motion challenging the wiretap is very time intensive.

Additionally, the Court notes that, approximately a week before the status conference, a Superceding Indictment was filed naming two additional Defendants as part of the conspiracy at issue in this case.  (ECF No. 164.)  At the time of the status conference, only one of these Defendants had been arrested and he had not yet been arraigned on the charges.  His counsel appeared at the status conference and represented to the Court that he has not seen any of the discovery or had a chance to substantively discuss any of these charges with his client.  He requested that the Court grant an ends-of-justice continuance to allow him adequate time to prepare the defense of his client.

Based on the record set forth above, the Court finds that an additional ends-of-justice continuance is appropriate.  At the hearing, there was no objection by either defense counsel or the Government to the request for a continuance.  The Court finds that the complexity of this case, coupled with the voluminous discovery, the language barrier, and the complexity of the pretrial motion practice warrant an additional ends-of-justice continuance.  The Court also specifically finds that, given all of the above, the Defendants' right to a proper defense outweighs the public's interest in a speedy trial.

4

Accordingly, the Court hereby ORDERS as follows:

1. Defendants' oral motion for an ends-of-justice continuance is GRANTED;

2. All days between July 6, 2012 and October 4, 2012 shall be excluded from the Speedy Trial clock;

3. All pretrial motions shall be filed not later than September 17, 2012. Responses are due no later than September 27, 2012. Expert witness disclosures pursuant to Rule 16 shall be made within the deadlines set by WJM Revised Practice Standard VIII.E.

4. The Final Trial Preparation Conference is set for 10:30 a.m. on October 12, 2012 in Courtroom A801.

5. A two-week jury trial shall commence at 8:00 a.m. on October 22, 2012 in Courtroom A801.

Dated this 3rd day of July, 2012.

BY THE COURT:

William J. Martinez
United States District Judge